**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TIMOTHY PASSOW,

     Plaintiff,

v.                                       CASE NO. 8:25-CV-01809-TPB-AEP

PITNEY BOWES INC,

     Defendant.

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff, Timothy Passow ("Plaintiff"), and Defendant, Pitney Bowes Inc. ("Defendant"), have reached a settlement of Plaintiff's claims against Defendant relating to alleged violations of the Fair Labor Standards Act ("FLSA"). Accordingly, the Parties hereby jointly move for approval of the FLSA Settlement Agreement (the "Agreement"), which is submitted with this Joint Motion for Approval of FLSA Settlement Agreement (the "Joint Motion") as *Exhibit 1*.

### INTRODUCTION

The settlement memorialized in the Parties' Agreement satisfies the criteria for approval of an FLSA settlement because it was reached after significant information exchange and contested litigation; was the result of arm's length settlement negotiations conducted by counsel well versed in the applicable law; and

was reached with the assistance of an experienced mediator. Accordingly, the Parties request that the Court enter an    Order,    which (1) approves as fair, adequate, and reasonable the gross settlement and the scope of the release set forth in the Agreement; (2) approves the award of attorneys' fees to compensate Plaintiff's counsel for their attorneys' fees and out-of-pocket expenses; (3) dismisses the lawsuit with prejudice; (4) closes the case and denies all pending motions as moot; and (5) grants any further relief that this Court deems just and proper.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 14, 2025, Plaintiff filed his Complaint in the United States District Court for the Middle District of Florida, Tampa Division, alleging violations of the overtime provisions of the FLSA. Plaintiff was a Payroll Tax Lead for Defendant and claimed that he was misclassified as exempt from overtime which resulted in Plaintiff allegedly not being compensated for overtime for all hours worked over 40 in a workweek.

The Parties began informal settlement discussions, including the exchange of numerous documents pertaining to Plaintiff's employment, pay, and timekeeping procedures. Additionally, Defendant provided Plaintiff with an arbitration agreement that he signed requiring Plaintiff to mediate his claims before seeking relief via binding arbitration. The merits of Plaintiff's FLSA claims are in dispute as Defendant maintains that Plaintiff was properly classified as exempt from overtime

2

under the administrative exemption provided for in 29 C.F.R. § 541.203.

During a mediation with an agreed-upon mediator, the Parties considered their own risk in further litigating this matter and decided to reach agreement in compromise of Plaintiff's claims.

## TERMS OF THE SETTLEMENT AGREEMENT

The Parties have agreed to settle Plaintiff's claims and provide for a dismissal of Plaintiff's claims with prejudice, the detailed terms of which are set forth in *Exhibit 1*. The Parties agree that the total settlement amount of $8,000.00 adequately compensates Plaintiff for his individual FLSA claims. That amount will be divided into two equal payments – one for Plaintiff's contested claims for unpaid wages, for which an IRS Form W-2 will issue (having all usual taxes and withholdings removed) and another for Plaintiff's contested claims for liquidated damages, for which an IRS Form 1099 will issue.

Plaintiff's counsel will receive $5,500.00 in attorneys' fees and costs for the work that Plaintiff's counsel did to resolve this case on behalf of Plaintiff. This amount was negotiated separately from the amount to settle Plaintiff's claims and without regard to the amount paid to Plaintiff. The attorneys' fees agreed upon by the Parties represents a reasonable amount for the work done by Plaintiff's counsel and, in fact, involves a sizable    decrease from what Plaintiff's counsel incurred under a lodestar calculation.

3

Given the significant risk and expense of continued litigation, and the clear fairness of the terms of settlement, the Parties believe that the Agreement represents a fair, adequate, and reasonable compromise of the claims at issue in light of the existence of disputed issues of fact, disputed issues of law, and questions of whether Plaintiff's claims would survive summary judgment or whether Plaintiff would obtain a favorable judgment following a trial.

## MEMORANDUM OF LAW

### I.      The Parties Agreed Upon Settlement Should be Approved.

Over the life of this dispute, the Parties conducted informal discovery, investigated the supporting facts, and studied the legal principles applicable to the claims and defenses asserted. Based upon the Parties' investigation, legal evaluation, and taking into account the contested legal and factual issues involved, including Plaintiff's counsel's assessment of the uncertainties of litigation and the relative benefits conferred upon Plaintiff pursuant to the Agreement, the Parties have concluded that this settlement is a fair, reasonable, and adequate compromise of a *bona fide* dispute concerning the legality of Defendant's classification of Plaintiff as an exempt employee, and is in the best interests of the Parties. The Parties now seek approval of their Agreement.

### A.      Applicable Case Law Supports Approval.

The FLSA provides that "any employer who violates the provision of section

4

206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). Because of the public interest in FLSA rights, FLSA claims can be settled or compromised by employees if: (1) the Department of Labor supervises the compromise pursuant to 29 U.S.C. § 216(c); or (2) a district court approves the compromise pursuant to 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Before approving an FLSA settlement, a court must scrutinize the settlement to determine if it constitutes a fair and reasonable resolution of a bona fide dispute. *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve it. *Id*.

The court may also consider the following factors: the risk of fraud or collusion; the complexity, expense, and likely duration of the litigation; the amount of discovery completed; the likelihood of success on the merits; the range of possible recovery; and the opinions of class counsel. *Trentman v. RWL Communs., Inc.*, 2015 WL 5082725, at *2 (M.D. Fla. Aug. 27, 2015). When considering these factors, the court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007).

**B.     A Bona Fide Dispute Exists**.

In the instant matter, the Parties stipulate that the issue of Plaintiff's recovery was negotiated independently, at arm's length and resolved to the Plaintiff's satisfaction.  The Plaintiff could have chosen to continue in litigation but elected to compromise the claims and resolve this bona fide dispute.  In the instant case, the Parties fiercely contested the claims and defenses asserted. Plaintiff asserted that he was owed overtime hours based on his allegations that the responsibility conferred upon him in his role did not meet the applicable duties test to warrant an exempt designation. Defendant argued that Plaintiff's, who worked under the title of Payroll Tax Lead, primary duty was the performance of office or non-manual work directly related to the general business operations of Defendant and that his primary duties afforded him the required discretion and independent judgment to satisfy the requirements of the exemption.[1] Further, the Parties disputed whether Plaintiff worked a sufficient number of hours on a weekly basis for overtime liability to arise regardless of whether Plaintiff was designated as exempt or non-exempt.

Consequently, the current settlement before the Court is the result of a bona fide and hotly contested dispute.

**C.    The Settlement is Fair and Reasonable.**

The settlement here was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for years. Both sides have

---

[1] Neither party contested that Plaintiff satisfied the salary-basis test.

considerable experience in prosecuting, defending, and settling federal and state wage and hour claims previously, and, in this case, were particularly well informed as to the facts of this matter. *Austin v. Pennsylvania Dep't of Corrs.*, 876 F.Supp. 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the [Claimant]."); *Fisher Brothers v. Phelps Dodge Indus., Inc.*, 604 F. Supp. 446 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight."). Further, this settlement was reached with the assistance of a mediator, who heard both Parties' arguments and assisted the Parties in reaching the resolution presented to the Court.

Additionally, the use of a mediator further demonstrates that no collusion occurred. *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (a "mediator's involvement in precertification settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure.") cited by *Carpenters Health & Welfare Fund v. Coca-Cola Co.*, No. 1:00- CV-2838-WBH, 2008 U.S. Dist. LEXIS 121093 (N.D. Ga. Oct. 20, 2008).

There can be no question that this Agreement represents fair value for Plaintiff. As described in relation to this bona fide dispute, the Parties faced a significant risk through this matter surrounding the facts of this case alone. At this stage, informal discovery has taken place along with detailed discussions of the facts

and the law amongst counsel. This exchange of information and analysis allowed the Parties to determine Plaintiff's purported loss as a result of the alleged violations along with the identification of the risks for Plaintiff in continuing to pursue his claims. Plaintiff understands that the value of his claims is based almost entirely on a legal determination about the application of the exemption and that in weeks where he did not work more than 40 hours, there would be no recovery regardless of the outcome of the exemption issue. Thus, the amount at issue, even in the light most favorable to Plaintiff, is covered significantly by the amount agreed upon by the Parties.

Additional discovery in this regard would not likely have changed the outcome of the Agreement as it relates to the amount obtained. The state of the proceedings, therefore, supports final approval of the Agreement. Should the Parties' Agreement not be approved, expensive and time-consuming formal litigation will occur. The Parties' Agreement would therefore avoid potentially costly litigation and inconvenience that would occur over many months. Moreover, the obstacles concerning the merits of Plaintiff's case are real and, while Plaintiff maintains the veracity of his allegations, he understands that the Agreement benefits him with the surety of recovery.

As it pertains to legal fees, a court reviewing an FLSA settlement must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated

adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 2009 WL 73164, *2 (11th Cir. Jan. 13, 2009). In the wake of *Silva*, persuasive authority has deemed scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff," except in circumstances where "the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney." *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); *see also Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) (declining to examine reasonableness of attorney's fee payment in FLSA settlement where the FLSA claims were compromised, there was a reasonable basis for such compromise, and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel").

As explained in *Bonetti,* "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed

9

independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." 715 F. Supp. 2d at 1228. In *Bonetti*, Judge Presnell concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.*

Plaintiff's counsel believes that the Agreement's provision concerning attorneys' fees is fair and reasonable. Defendant does not oppose Plaintiff's counsel's request for the award of attorneys' fees. The amount sought by Plaintiff's counsel is less than what counsel incurred in bringing this case, however, Plaintiff's counsel agreed to a reduced fee in order to provide relief for his client given the high risk in continuing forward with litigation based on the merits of the case. And this amount was negotiated separate from the Parties' efforts to agree upon an amount sufficient to resolve Plaintiff's claims. In fact, the Parties did not discuss the amount of attorneys' fees to be paid until they had already agreed upon the amount that Plaintiff would receive to resolve his claims. Thus, it is appropriate that the Court

10

approve the attorneys' fees and cost amount agreed upon by the Parties pursuant to the Agreement as it represents fair and reasonable compensation to Plaintiff's counsel for his services.

**WHEREFORE**, the Parties respectfully request that the Court approve the Settlement Agreement and dismiss this action with prejudice.

DATED this 22nd day of October, 2025.

Respectfully submitted,

| | |
|---|---|
| */s/Mitchell Feldman* | */s/Todd S. Aidman* |
| **Mitchell Feldman** | **Todd S. Aidman** |
| Florida Bar No.: 0080349 | Florida Bar No. 173029 |
| **Feldman Legal Group** | **FordHarrison LLP** |
| 12610 Race Track Rd., #225 | 401 East Jackson Street, Suite 2500 |
| Tampa, FL 33626 | Tampa, FL 33602 |
| Telephone: (813) 639-9366 | Telephone: (813) 261-7857 |
| Fax: (954) 337-2771 | Fax: (813) 261-7899 |
| mfeldman@flandgatrialattorneys.com | taidman@fordharrison.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

11